## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LOGAN MEDICAL FOUNDATION, INC., | ) | Case No. 98-21721 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| LOGAN MEDICAL FOUNDATION | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 05-02026 |
| | ) | |
| v. | ) | |
| | ) | |
| HAYFLICH & STEINBERG and ROBERT E. DELAWDER | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

Hayflich & Steinberg and Robert E. Delawder (collectively, the "Defendants") filed a motion to dismiss the complaint of Logan Medical Foundation (the "Debtor") arguing that the bankruptcy court lacks subject matter jurisdiction over the complaint and that the Debtor's claims are barred by judicial estoppel.[1] The court held a hearing on the Defendant's motion on May 17, 2006, at which time the court took the matter under advisement. For the reasons stated herein, the court will deny the motion.

### I. STANDARD OF REVIEW

In reviewing a motion for a judgment on the pleadings under Fed. R. Civ. P. 12(c), the court is to apply the same standards as it would to a motion under Rule 12(b)(6) for a failure to state a claim upon which relief may be granted. *Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428

---

[1] The Defendants also argued that the Debtor's claims were barred by the statute of limitations, but they abandoned that argument at the hearing on the motion to dismiss. The Defendants reserved the right to raise the argument later, in the context of a motion for summary judgment.

(3rd Cir. 1991). The court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." *Id.* The moving party must establish that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(c); Fed. R. Bankr. P. 7012(c); *National Car Rental Systems, Inc. v. Computer Associates International, Inc.*, 991 F.2d 426, 428 (8th Cir. 1993).

## II. BACKGROUND

The Debtor operated a hospital in Logan, West Virginia. From 1988 to 1998, the Debtor contracted with Hayflich & Steinberg, a firm of certified public accountants, to perform various services, including: health care auditing, accounting, reimbursement consulting, strategic planning, and management support. Robert E. Dewlawder was employed by Hayflich & Steinberg and was in charge of the Debtor's account.

On October 22, 1998, the Debtor filed bankruptcy. On January 21, 1999, Hayflich & Steinberg filed a proof of claim in the bankruptcy case for unpaid accounting services totaling $39,278.50. The Debtor objected to that claim on September 22, 2003, alleging that Hayfilch & Steinberg breached its contractual duties to the Debtor, which was a significant factor in precipitating the Debtor's bankruptcy filing. This adversary proceeding was filed on February 22, 2005, in furtherance of the Debtor's objection to Hayflich & Steinberg's proof of claim.

## III. DISCUSSION

The Defendants argue that this adversary proceeding should be dismissed on the basis that the court lacks subject matter jurisdiction over the complaint and that relief is precluded under the doctrine of judicial estoppel.

### A. Subject Matter Jurisdiction

The Defendants assert that this court lacks subject matter jurisdiction over the adversary complaint because it seeks an adjudication of state law claims that arose pre-petition. The Defendants do not consent to the bankruptcy court adjudicating the dispute.

The federal district courts have original and exclusive jurisdiction over all cases under title 11 and original, but non-exclusive jurisdiction of all civil proceedings arising under, arising in, or related to a case under title 11. 28 U.S.C. § 1334. The district court has referred that grant of jurisdiction to the bankruptcy court. § 157(a). Controversies arise *in* title 11 when they "have no

-2-

existence outside of the bankruptcy." *United States Trustee v. Gryphon at the Stone Mansion, Inc.*, 166 F.3d 552, 555 (3rd Cir. 1999). Claims arise *under* title 11 if the claims "clearly invoke substantive rights created by bankruptcy law." *Glinka v. Federal Plastics Mfg., Ltd. (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64, 70 (2nd Cir. 2002). A proceeding is *related to* a bankruptcy case when "*the outcome of that proceeding could conceivably have any effect on the estate . . . [and] could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively). . . .*" *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original). *See also Belcufine v. Aloe*, 112 F.3d 633, 636 (3rd Cir. 1997) (same).

On January 21, 1999, Hayflich & Steinberg filed a proof of claim in the Debtor's bankruptcy case (Claim No. 162) seeking payment of $39,278.50, which was related to pre-petition accounting services that the Defendants provided to the Debtor. On September 22, 2003, the Debtor filed an objection to that proof of claim (Document No. 1984 in Case No. 98-21721) asserting, inter alia, that the Defendants breached contractual duties to the Debtor and that no amount was owed on the claim. The Debtor also indicated that it planned to sue Hayflich & Steinberg for civil damages in an amount that exceeded its proof of claim.

"When a creditor files a proof of claim, it subjects itself to the jurisdiction of the bankruptcy court to hear all matters related to the allowance of that claim." *Logan v. Credit Gen. Ins. Co. (In re PRS Ins. Group)*, 331 B.R. 580, 586 (Bankr. D. Del. 2005). *See also In re Apex Corp.*, 190 F.3d 624, 632 n.7 (4th Cir. 1999) ("When a creditor file a claim with the bankruptcy court, though, she has consented to its jurisdiction."). Jurisdiction to consider the allowance of a proof of claim includes jurisdiction to determine all defenses to that proof of claim – including any affirmative counterclaims. *See, e.g.*, 11 U.S.C. § 106(b) (waiving a government's sovereign immunity when the governmental unit files a proof of claim and when the claim against the governmental unit arose out of the same transaction or occurrence as the filed claim); *Ossen v. Dep't of Soc. Servs. (In re Charter Oak Assocs.)*, 361 F.3d 760, 769-70 (2nd Cir.) (holding that the filing of a proof of claim by a governmental unit was a waiver of sovereign immunity with respect to permissive, as well as compulsory, counterclaims), *cert. denied*, 125 S. Ct. 408 (2004); *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 404 (4th Cir. 1992) ("[E]ven though the existence of a claim is controlled by state law, the allowance or disallowance of a claim in bankruptcy is a matter of federal law left

-3-

to the bankruptcy court's exercise of its equitable powers.").

When the Defendants filed their proof of claim with the bankruptcy court, the Defendants subjected themselves to the jurisdiction of this court in regards to the allowance or disallowance of its claim. The fact that the underlying claim may be a core or non-core is a secondary distinction to be made after a court determines that subject matter jurisdiction exists over the dispute. E.g., *In re Mid-Atlantic Resources Corp.*, 283 B.R. 176, 186 (S.D.W.V. 2002) ("[A]n assertion that the action is a core or non core proceeding is not an allegation of federal jurisdiction; rather, it relates to the power of the bankruptcy court to resolve the issues brought after jurisdiction is established.").

Pursuant to Fed. R. Bankr. P. 3007, "[i]f an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." In turn, Rule 7001(1) states that "a proceeding to recover money" is an adversary proceeding. Consequently, when the Debtor objected to the Defendants' proof of claim and included a demand for a money judgment, the claims objection proceeding transmogrified into this adversary proceeding. In fact, the last status conference on the Debtor's objection to Hayflich & Steinberg's claim was set for January 20, 2005, however, that status conference was cancelled in anticipation of the Debtor's filing of this adversary proceeding. Because this adversary proceeding arises out of the claim's objection process – which does not exist outside of bankruptcy – the court has subject matter jurisdiction over the dispute pursuant to 28 U.S.C. § 1334 and this adversary is a core proceeding pursuant to § 157(b)(2)(B),(C), and (O).[2]

---

[2] Hayflich & Steinberg cite to *In re Complete Management Inc.*, No. 02 Civ. 1736, 2002 U.S. Dist. LEXIS 18344 (S.D.N.Y. Sept. 27, 2002) to support is contention that this court does not have subject matter jurisdiction over this adversary proceeding. *Complete Management*, however, is distinct from this case because it came before the district court on a motion to withdraw the reference from the bankruptcy court, which presupposes that the bankruptcy court would have jurisdiction over the matter. *Id.* at *1. The district court exercised its discretion to withdraw the reference because the debtor's counter claim was seventy times greater than the filed proof of claim, the underlying dispute had little or no relation to the Bankruptcy Code, and considerations of efficiency and fairness led the district court to withdraw the reference. *Id.* at *11-12. Nothing in *Complete Management* suggests that the bankruptcy court would not have subject matter jurisdiction over the claims objection process had the district court not withdrawn the reference.

-4-

### B. Judicial Estoppel

The Defendants argue that the Debtor is judicially estopped from asserting its claims against them on the basis that the Debtor failed to timely disclose the claims on its initial bankruptcy schedules. The Defendants assert that the first disclosure by the Debtor of its litigation claims occurred as part of its Third Amended Disclosures statement – about four years after it filed bankruptcy.

Judicial estoppel is an equitable doctrine imposed by a court when a litigant attempts to play "fast and loose" by taking inconsistent positions or denying previously made sworn statements in an effort to prevail twice on opposite theories. *See generally* 28 Am. Jur. 2d *Estoppel and Waiver* § 74 (2006). According to the Fourth Circuit, three elements must be satisfied before a court can apply the doctrine of judicial estoppel: (1) a party must adopt a present position that is inconsistent with a stance taken in previous litigation; (2) the court must have accepted the previous inconsistent position; and (3) "the party sought to be estopped must have 'intentionally misled the court to gain unfair advantage.'" *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996) (holding that the plaintiff's civil rights case was barred by inconsistent factual statements that the plaintiff made in the underlying criminal case) (citation omitted). Courts are to apply the doctrine of judicial estoppel with caution. *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 29 (4th Cir. 1995).

In this case, the previous inconsistent statement complained of by the Defendants is the Debtor's failure to schedule its litigation claims against them as an asset of the bankruptcy estate in the opening days of the case. Statements on a bankruptcy petition and schedules have the force and effect of oaths. Fed. R. Bankr. P. 1008 ("All petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746."). Based on the particular facts of case, a debtor's failure to disclose assets on the debtor's schedules may be the equivalent of an intent to deceive. *Jordan v. Bren (In re Bren)*, 303 B.R. 610, 614 (B.A.P. 8th Cir. 2004) ("[C]ourts are often understanding of a single omission or error resulting from innocent mistake. However, multiple inaccuracies or falsehoods may rise to the level of reckless indifference to the truth, which is the functional equivalent of intent to deceive."), *rev'd on other grounds*, 122 Fed. Appx. 285 (8th Cir. 2005).

Here, however, the Debtor did disclose its litigation claims against the Defendants before

-5-

creditors had the opportunity to vote on the Debtor's plan of reorganization. The Defendants have not presented any evidence of an intent on behalf of the Debtor to mislead the court – much less shown how the Debtor stands to reap any advantage by failing to timely disclose its claim against the Defendants. Moreover, the Debtor's confirmed plan calls for a potential 100% dividend to unsecured claims. The payout to unsecured creditors is being funded, in part, from "the resolution of pending disputed Claims." (Document No. 1820 in Case No. 98-21721). In short, the Defendants have not shown any effort by the Debtor to gain an unfair advantage in its bankruptcy case by failing to make a timely disclose of this litigation against the Defendants. The Defendant's motion to dismiss this case on the basis of judicial estoppel will be denied.

## IV. CONCLUSION

For the above-stated reasons, the court will a deny the Defendants' motion to dismiss. The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021.

_____  6-26-06
Patrick M. Flatley        (Date)
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LOGAN MEDICAL FOUNDATION, INC., | ) | Case No. 98-21721 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| LOGAN MEDICAL FOUNDATION | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 05-02026 |
| | ) | |
| v. | ) | |
| | ) | |
| HAYFLICH & STEINBERG and ROBERT E. DELAWDER | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Consistent with the Memorandum Opinion entered contemporaneously herewith it is

**ORDERED** that the Motion to Dismiss filed by Hayflich & Steinberg and Robert E. Delawder on April 7, 2005 (Document No. 8), be and hereby is DENIED.

_____  6-26-06
Patrick M. Flatley         (Date)
United States Bankruptcy Judge